UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

    Plaintiff,

v.                                              Case No:  2:17-cv-507-FtM-38CM

CITY FORT MYERS, DOUGLAS
BAKER, STEPHEN RUSSELL,
DENNIS EADS, MIKE SCOTT,
EMILY DESTEPHANIS, JUSTIN
TRASK, RICHARD ERRETT and
STEPHANIE RUSSELL,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

       This matter comes before the Court on Defendants Mike Scott, Lee County Sheriff, and Richard Errett, Deputy Sheriff, Lee County Sheriff's Office (LCSO) (Doc. 21) filed on October 19, 2017. Hastings filed a Response in Opposition to multiple motions to dismiss (Doc. 33) on January 9, 2018. This Motion is now ripe for the Court's review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

# BACKGROUND[2]

On July 13, 2013, a Marital Settlement Agreement was executed between Hastings and his estranged wife. On July 30, 2013, Hastings contacted the Fort Myers Police Department (FMPD) to escort him to retrieve property from the marital residence. (Doc. 1 at 5). Two uniformed FMPD officers, including Defendant Trask, arrived at the residence to accompany him. (Doc. 1 at 5). Hastings entered the residence and obtained his personal belongings and six file drawers of business records. (Doc. 1 at 5). His estranged wife returned to the marital residence while he was present. An argument ensued. (Doc. 1 at 5).

The next day, Hastings' estranged wife filed for a temporary restraining order (TRO) in Lee County Court. On August 2, 2013, a verbal altercation occurred between FMPD Officers Trask and Errett when they served Hastings with the TRO. (Doc. 1 at 6). The following night, Hastings was arrested for violating the TRO and booked into the Lee County Jail. (Doc. 1 at 6). He suffered atrial defibrillation and received medical treatment. The next day he posted a $10,000 bond. (Doc. 1 at 6). Hastings left the State of Florida, travelled to Austin, Texas, and eventually returned home to Indian Wells, California. On August 23, 2013, attorney Joe Viacava sent Hastings an e-mail stating that his case had been dismissed. (Doc. 1 at 7).

Hastings contacted FMPD and spoke with Captain Dennis Eads alleging that his estranged wife had hacked his e-mail account. After an investigation into the alleged

---

[2] For purposes of Defendant Mike Scott, Lee County Sheriff and Richard Errett, Deputy Sheriff's Motions to Dismiss, the Court assumes as true the facts as alleged in the Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

hacking by Captain Melvin Perry, the FMPD found no evidence of wrong doing. ([Doc. 1 at 7](#)).

In September 2014, Hastings started receiving "Private Number Blocked Calls" on his cell phone from his estranged wife. ([Doc. 1 at 8](#)). That same month, he was told that he needed open heart surgery to correct his heart issues. In October of 2014, he was diagnosed with cancer and had surgery to remove the melanoma. ([Doc. 1 at 8](#)).

While Hastings was recuperating from his surgery, he was contacted by representatives from the Dr. Phil Show because of his estranged wife's contact with them. On November 1, 2013, Stephanie Granander forwarded him a waiver of the TRO sent by his estranged wife so they could appear together on the program. And, his estranged wife told him he could start telephone and Skype contact with his twelve-year-old daughter. ([Doc. 1 at 8](#)). Hastings and his daughter began Skyping daily. ([Doc. 1 at 8](#)). He states the blocked calls continued in November 2013.

The Dr. Phil Show also contacted Hastings' minor daughter to entice her to appear on a daddy/daughter reunion birthday show if he would appear with her on November 29, 2013. ([Doc. 1 at 10](#)). Hastings returned to Austin, Texas on November 17, 2013, his daughter's birthday. He states he received about seventeen private blocked phone calls from an unknown party. Hastings returned to Fort Myers, Florida, to pack up his manufacturing plant. He saw his estranged wife's car in a bar's parking lot with a flat tire at approximately 8:00am on Sunday morning. Hastings returned to Indian Wells, California on November 26, 2013.

On December 5, 2013, Hastings informed the Dr. Phil Show he was not interested in any attempt to reconcile his marriage. On December 31, 2013, Hastings' estranged

wife cancelled his health insurance after his preauthorization for open-heart surgery. On January 4, 2014, Hastings filed an ethics complaint with the American Dietetic Association, alleging that his estranged wife purchased a bogus masters and doctorate degree.

On January 14, 2014, Defendant DeStephanis filed an affidavit and request for an arrest warrant before a Lee County Court Judge, for Hastings' violation of the final injunction order for protection from November 1, 2013 through January 4, 2014. Two days later, Hastings was arrested in New Port Beach, California. ([Doc. 1 at 12](#)). He was booked into the Orange County California Jail and was given a $15,000.00 bond as the no bond warrant could not be located in the system. ([Doc. 1 at 12](#)).

On January 24, 2014, Hastings left a message on State Attorney Steven Russell's cell phone. He informed Russell that his arrest and the allegations that led to it were due to his estranged wife's retaliation for his decision not to reconcile their marriage. Hastings was scheduled to appear in Orange County California Court on March 20, 2014. After he was informed that Lee County Sheriff Mike Scott had a Governor's warrant for his arrest, he went into atrial fibrillation. ([Doc. 1 at 12](#)). Hastings was taken to Western Medical Center where they ran tests on his heart valve. He was denied any surgical procedures and returned to the jail's medical unit. ([Doc. 1 at 13](#)).

On April 5, 2014, Hastings was discharged from the Orange County California Jail and turned over to a transport company hired by Sheriff Mike Scott to return him to Lee County. While in route through Denver, Colorado, he began hemorrhaging blood in the transportation vehicle. ([Doc. 1 at 13](#)). While in upstate New York he suffered chest pains and heart issues and was transported to St. Mary's Hospital in New York. After being

given an EKG, nitroglycerin, and beta blockers, Hastings was transported to Lee County, Florida. He lost thirty-six pounds during the transport from California to Florida.

On April 21, 2014, Hastings had his first appearance on charges of stalking his minor daughter. ([Doc. 1 at 14](Doc. 1 at 14)). The State Court set a bond of $100,000.00 on the stalking charge and an additional $50,000 bond for aggravated stalking of his estranged wife. ([Doc. 1 at 14](Doc. 1 at 14)).

Hastings wrote to Sheriff Mike Scott detailing his treatment during his transportation from California. He asked for a copy of the final injunction for protection from the Domestic Violence Supervisor. ([Doc. 1 at 15](Doc. 1 at 15)). After his inquiry, he was served with a final injunction on April 30, 2014. ([Doc. 1 at 15](Doc. 1 at 15)).

On May 25, 2014, Hastings' thoracic surgeon in California wrote a letter to Judge Bruce Kyle stating that Hastings was a high risk of immediate death and needed open heart surgery. ([Doc. 1 at 15](Doc. 1 at 15)). On June 9, 2014, he was released on a $75,000.00 bond and returned to California. Hastings returned to Florida on July 25, 2014, and was arrested by Russell for traveling to California. ([Doc. 1 at 15](Doc. 1 at 15)). On August 6, 2014, his $150,000.00 bond was reinstated and he was fitted with an ankle monitor by Russell. ([Doc. 1 at 15](Doc. 1 at 15)).

On August 7, 2014, Hastings traveled to Seattle, Washington in search of a hospital that would perform his open-heart surgery without his having health insurance. While in Seattle, his ankle monitor battery died for approximately twenty minutes. ([Doc. 1 at 15](Doc. 1 at 15)). Hastings returned to Lee County on August 26, 2014, and was arrested by Russell for having his ankle monitor die while he was in Seattle. ([Doc. 1 at 16](Doc. 1 at 16)). He was given another $150,000.00 bond.

Then on August 15, 2014, Russell had Hastings arrested for violating the no contact order for contacting his minor daughter's caregiver. (Doc. 1 at 16). Hastings was arrested and remanded to custody without bond awaiting trial. (Doc. 1 at 15). On October 22, 2014, Russell *nolle prossed* the aggravated stalking charge that arose from his January 16, 2014 arrest. (Doc. 1 at 16). On October 22, 2014, Hastings pled guilty — as part of a plea agreement — to aggravated stalking of his estranged wife and was placed on forty-eight months of probation. (Doc. 1 at 16). He asserts he did not voluntarily enter into the plea deal.

In January of 2015, Hastings travelled to San Diego and had open-heart surgery. In July of 2015, he subpoenaed Godaddy.com and discovered that his e-mail box was illegally hacked by his estranged wife, parents, sister, and brother in law from May 2013 through November 2013. Hastings found out in October of 2016 that FMPD Officer Errett falsified the Governor's Warrant in 2014, by stating that he served Hastings with the final injunction for protection on August 20, 2013 at 17:00pm.

In October of 2016, Hastings filed a sworn complaint with the FBI against Sheriff Mike Scott, Richard Errett, Russell, and Officer Dennis Eads for false arrest and violations of his Fourth and Fourteenth Amendment rights. On September 6, 2017, Hastings filed this case.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Christopher v Harbury*, 536 U.S. 403, 406 (2002). Conclusory allegations, however, are not entitled to

a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009) (discussing a 12(b)(6) dismissal).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir.2010). A claim is plausible where the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal,* 556 U.S. at 677. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See *Twombly,* 550 U.S. at 545. Additionally, there is no longer a heightened pleading requirement. *Randall,* 610 F.3d at 701. Because Plaintiff is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. *Hughes v. Lott,* 350 F.3d 1157, 1160 (11th Cir.2003) (citing *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998)).

**DISCUSSION**

Hastings alleges two counts against the Defendants: Count IV against Deputy Errett for false arrest and malicious prosecution; and Count VI civil conspiracy against all Defendants. Defendants Scott and Errett argue the case should be dismissed because: (1) the Complaint is a classic shot gun pleading; (2) the conspiracy claim in Count VI is conclusory and insufficient as a matter of law; and (3) Count IV fails to state a claim.

*Count IV*

Hastings alleges that Errett violated his right to be free from prosecution and false arrest from August 20, 2013 through March 20, 2014. (Doc. 1 at 27). He states Errett lied in his affidavit stating that he served Hastings with the final injunction for protection order on March 20, 2013, at 17:00. Hastings was arrested on January 16, 2014, by U.S. Marshals and Orange County, California deputies for violating the final injunction for protection. On March 20, 2014, when Hastings appeared in an Orange County, California Court, he was informed that he was under arrest on a Governor's Warrant from Florida.

The law in Florida is well settled that a malicious prosecution action requires the plaintiff to prove the following six elements: (1) a criminal or civil judicial proceeding was commenced against the plaintiff; (2) the proceeding was instigated by the defendant in the malicious prosecution action; (3) the proceeding ended in the plaintiff's favor; (4) the proceeding was instigated with malice; (5) the defendant lacked probable cause; and (6) the plaintiff was damaged. *Kingsland v City of Miami*, 382 F. 3d 1220, 1234 (11th Cir. 2004). "The absence of any *one* of these elements will defeat a malicious prosecution action." *Kalt v. Dollar Rent–A–Car,* 422 So.2d 1031, 1032 (Fla. 3d DCA 1982). Malice is a fact to be proven by the plaintiff as it is "a necessary ingredient of the charge of malicious

prosecution" and it is not synonymous with want of probable cause. *White v. Miami Home Milk Producers Ass'n,* 143 Fla. 518, 197 So. 125, 126 (1940) (emphasis added). "Malice is not only an essential element of malicious prosecution but it is the gist of this cause of action." *Wilson v. O'Neal,* 118 So.2d 101, 105 (Fla. 1st DCA 1960) (emphasis added).

In this instance, Hastings fails to establish that Errett instigated the judicial action against him. In fact, after his arrest in California, Hastings states that he called State Attorney Stephen Russell and informed him the allegation that Hastings was in violation of the final injunction for protection was retaliation by his estranged wife for his refusal to reconcile their marriage. (Doc. 1 at 12). Hastings also acknowledges that the warrant used to have him arrested in California was sought by Defendant Emily DeStephanis and not Deputy Errett. (Doc. 1 at 12). Therefore, the incident that led to his arrest and prosecution was not instigated by Deputy Errett but by his estranged wife, other officers, and the State Attorney's Office. Further, Hastings does not allege any malice on the part of Errett, but ascribes malice to his estranged wife. Accordingly, Hastings fails to state a claim for malicious prosecution against Deputy Errett.

Regarding Hastings' false arrest allegation, Deputy Errett did not arrest him nor does he allege that Deputy Errett was involved in his arrest. Instead, Hastings was arrested by Deputy U.S. Marshals and Orange County, California Sheriff's Deputies on January 16, 2014, in New Port Beach, California. (Doc. 1, at 12). An officer who did not participate in the actual arrest and who was not the arresting officer's supervisor cannot be liable for false arrest under § 1983. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 737 (11th Cir. 2010). To establish § 1983 liability, a plaintiff must show "proof of an affirmative causal connection" between a government actor's acts or omissions and the

alleged constitutional violation, which "may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation." *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir.1986). Therefore, Deputy Errett who was not personally present nor involved in Hastings' arrest cannot be held liable for false arrest.

To the extent that Hastings attempts to make the same allegations against Sheriff Mike Scott, Scott was not present nor did he participate in Plaintiff's arrest in California either. Accordingly, Sheriff Scott cannot be held liable for false arrest. Count IV is due to be dismissed with prejudice as to both Deputy Errett and Sheriff Mike Scott.

### *Count VI*

Hastings alleges that all Defendants in this case conspired to violate his constitutional rights. To establish a prima facie case of a § 1983 conspiracy, a plaintiff must show that "the defendants reached an understanding to deny the plaintiff's rights." *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir.2008) (citing *Bendiburg v. Dempsey,* 909 F.2d 463, 469 (11th Cir.1990)). Additionally, the plaintiff must show "an underlying actual denial of [his] constitutional rights." *Burge v. Ferguson*, 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008) (quoting *Hadley,* 526 F.3d at 1332). Finally, to allege a conspiracy under § 1983, a plaintiff must make "particularized allegations" that a conspiracy exists. *GJR Invs. v. County of Escambia, Fla.,* 132 F.3d 1359, 1370 (11th Cir. 1998) (modified by *Swann v Southern Health Partners, Inc.*, 388 F. 3d 834, 837 (11th Cir. 2004) holding that the heightened pleading requirement does not apply to private entities under § 1983). Vague and conclusory allegations suggesting a Section 1983 conspiracy are insufficient. *Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir.1984).

Here Hastings' Complaint simply states that Defendants acted in concert and conspired with one another to detain, seize, and maliciously prosecute him. The Complaint alleges no facts showing that Defendants reached an understanding to deny Hastings' rights and insufficient facts from which an inference of a conspiracy can reasonably be drawn. Because Hastings' conspiracy claims are conclusory without a particularized allegations to support the claim, Count VI is due to be dismissed.

Accordingly it is now

**ORDERED**:

Defendants Mike Scott, Lee County Sheriff, and Richard Errett, Deputy Sheriff, Lee County Sheriff's Office (LCSO) ([Doc. 21](Doc. 21)) is **GRANTED**.

1. The Defendants are hereby **DISMISSED** as to Count IV with prejudice.

2. The Defendants are hereby **DISMISSED** as to Count VI without prejudice

**DONE AND ORDERED** in Fort Myers, Florida on this 27th day of June, 2018

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2