UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

    Plaintiff,

v.                                                         Case No:  2:17-cv-507-FtM-38CM

DENNIS EADS, EMILY
DESTEPHANIS and JUSTIN
TRASK,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff David Scott Hastings' Motion to Amend Complaint (Doc. 42) filed on July 13, 2018.  In response, Defendants Eads, Destephanis and Trask (collectively "Defendants") filed a Motion to Strike (Doc. 43) on July 19, 2018.  Pending before the Court is Defendants' Amended Motion to Dismiss (Doc. 41) filed July 11, 2018.  *Pro se* Plaintiff seeks leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2).[2]  Plaintiff avers that he recently gained access to his legal documents and can now accurately plead his claim.  Doc. 42 at 4.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] On June 27, 2018, the Court granted various other defendants' motions to dismiss.  *See* Docs.  38, 39, and 40.  It appears Plaintiff seeks to amend his Complaint to reallege the claims against the dismissed defendants and thus impleads Rule 15(a)(2), as opposed to

Plaintiff is entitled to amend his pleading as a matter of right under Fed. R. Civ. P. 15(a)(1) within 21 days of service of Rule 12(b)(6) motion, otherwise he may amend his "pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is given freely "when justice so requires." *Id.* Absent a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" the Court should grant leave "freely." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Generally, a *pro se* litigant must be given an opportunity to amend his complaint. *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir.2014).

Defendants move to strike the Motion to Amend pursuant to Fed. R. Civ. P. 12(f) because Plaintiff failed to attach a copy of the proposed amended complaint or explain what new claims he intends to add to the proposed amended complaint.[3] Federal Rule of Civil Procedure 12(f) provides, in pertinent part:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.
> . . .
>> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Rule 12(f) by its terms explicitly provides that the object being stricken must be in a "pleading." "Only material included in a 'pleading' may be the subject

---

Rule 15(a)(1), which would apply if Plaintiff sought to amend his complaint only against Defendants Eads, Destephanis and Trask.

[3] Defendants cite to Florida caselaw for the proposition that the Plaintiff's amendment should be stricken. Florida case law on Florida civil procedures is not controlling law for this Court.

of a motion to strike, and courts have been unwilling to construe the term broadly." *Hawk v. Atlanta Peach Movers, Inc.*, 2011 WL 1533024 *1 (N.D. Ga. 2011) (quoting *2 Moore's Federal Practice,* § 12.37 [2] (Matthew Bender 3d ed.)); see also, *Pilgrim v. Trustees of Tufts College,* 118 F.3d 864, 868 (1st Cir. 1997)(motion to strike improper for motions); *Federal Rules Handbook* 2018 at p 488. The Federal Rules define a "pleading" as a complaint; an answer to a complaint, to a counterclaim, to a cross-claim; a third-party complaint and an answer thereto; and, if ordered by the court, a reply to an answer. Fed. R. Civ. P. 7(a). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." *2 Moore's Federal Practice,* § 12.37 [2]. Because Plaintiff's Motion to Amend is not a pleading, Defendants' Motion to Strike is DENIED. However, the Court will consider Defendants' Motion to Strike insofar as it opposes Plaintiff's Motion. *See* M.D. Fla. R. 3.01(b).

Plaintiff does not describe the substance of his proposed amendments, nor does he attach a copy of the proposed second amended complaint. *See Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."). *See also Doe v. Pryor,* 344 F.3d 1282, 1288 (11th Cir. 2003). Consequently, the Court cannot discern whether the proposed amendment would be futile.

Furthermore, Plaintiff does not certify that he has conferred with opposing counsel prior to filing the instant Motion. M.D. Fla. R. 3.01(g).[4] Defendants contend that it is

---

[4] M.D. Fla. R. 3.01 (g) provides:
    Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the

"impractical and impossible" to communicate with Plaintiff due to his incarceration. Doc. 43 at 3. The Court disagrees. The Court requires prisoners to adhere to the procedural rules that govern cases before the Court, notwithstanding their *pro se* status. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). The Court demands nothing less from parties represented by counsel. Thus, all parties are forewarned that the failure to comply with M.D. Fla. R. 3.01(g) in the future will result in the noncomplying party's motion being stricken.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff David Scott Hastings's Motion to Amend Complaint (Doc. 42) is **DENIED without prejudice**.

(2) Defendants Emily DeStephanis, Dennis Eads, and Justin Trask's Motion to Strike Plaintiff's Motion to Amend (Doc. 43) is **DENIED**.

---

moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of July 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2